**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2840
_____

REIBIN EDUARDO CATALAN-LOPEZ,
                                                Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a final Order of the
Board of Immigration Appeals
(Agency No. A208-985-848)
Immigration Judge: John B. Carle
_____

Submitted Under Third Circuit L.A.R. 34.1(a) on
June 21, 2023
_____

Before: BIBAS, MATEY, and FREEMAN, *Circuit Judges*

(Filed: July 19, 2023)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

MATEY, *Circuit Judge*.

Reibin Eduardo Catalan-Lopez is a native citizen of Guatemala charged with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I). He seeks asylum, withholding of removal, and protection under the Convention Against Torture (CAT), claiming persecution as a Christian "openly and vehemently opposed to organized crime." A.R. 136. An IJ determined his past experiences did not rise to the level of persecution, and that his proposed particular social group was not legally cognizable. The IJ also found Catalan-Lopez could relocate to the part of Guatemala where his mother and brother had safely moved. The BIA agreed,[1] but incorrectly mentioned El Salvador instead of Guatemala in its analysis. An error the BIA corrected in deciding Catalan-Lopez's motion to reconsider, explaining that "[o]ther than incorrectly identifying the country name in the decision, the conclusions in the decision are derived from the record and correct." A.R. 2.[2]

---

[1] Catalan-Lopez did not challenge the IJ's denial of CAT protection, so the BIA twice noted the issue was waived. Catalan-Lopez now asks us to remand on his CAT claim under *Guzman Orellana v. Attorney General*, 956 F.3d 171, 182 (3d Cir. 2020). But *Guzman Orellana* was decided before both BIA decisions and did not change the standard for CAT claims, so we decline Catalan-Lopez's invitation. *See* 8 U.S.C. § 1252(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012) ("[C]alling a rule nonjurisdictional does not mean that it is not mandatory or that a timely objection can be ignored.").

[2] The BIA had jurisdiction under 8 C.F.R. § 1003.2(b). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 590 (3d Cir. 2011). Whether a proposed social group is cognizable is a mixed question of law and fact, so we "review de novo the ultimate legal conclusion as to the existence of a particular social group, while we review the underlying factual findings for 'substantial evidence[.]'" *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018) (citation omitted). Procedural due process claims are also reviewed de novo. *Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 482 (3d Cir. 2022).

The BIA's decision after granting rehearing is the only final order on review. That does not, however, prevent us from considering the analysis in the BIA's prior decision if

In this petition, Catalan-Lopez argues that the BIA incorrectly denied him asylum and withholding of removal when it determined that the proposed social group of "Christians who are openly and vehemently opposed to organized crime" was not cognizable. We disagree. Asylum and withholding of removal require the applicant to show past persecution, or a well-founded fear of future persecution,[3] on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1) (asylum); 1231(b)(3)(A) (withholding of removal). "[A]n applicant for asylum or withholding of removal seeking relief based on 'membership in a particular social group' must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014); *see also* 8 C.F.R. § 208.1(c) (2020).

Catalan-Lopez's proposed group does not satisfy this standard. *See S.E.R.L.*, 894 F.3d at 550–53 (defining particularity as having "discrete and definable boundaries that are

---

the BIA's later decision affirmed that analysis. *Cf. Garcia v. Att'y Gen.*, 665 F.3d 496, 502 (3d Cir. 2011), *as amended* (Jan. 13, 2012) ("When the BIA adopts or defers to the underlying decision of the IJ, we review the IJ's opinion as the decision of the agency.").

[3] Catalan-Lopez argues that the agency incorrectly focused on past persecution to determine whether he established fear of future persecution. But the IJ determined that Catalan-Lopez did not have a well-founded fear of future persecution because he could reasonably relocate to another part of the country, where his mother and brother have lived without threats from gangs. *See* 8 C.F.R. § 1208.13(b)(1), (b)(2). And "[t]he Board was . . . not required to reach the issue of whether the respondent suffered past harm rising to the level of persecution" because the BIA "affirmed the Immigration Judge's determination that the respondent's proposed particular social group was not sufficiently particular or socially distinct, and that the asserted harm was not on account of a protected ground." A.R. 2–3.

not amorphous, overbroad, diffuse, or subjective," and social distinction as "whether the people of a given society would perceive a proposed group as sufficiently separate or distinct" (cleaned up)). But even strident opposition to organized crime is too amorphous and not narrowed by reference to his faith.[4]

We also see no error in the BIA's analysis of Catalan-Lopez's due process claim. Catalan-Lopez says the incorrect mention of El Salvador in the BIA's original opinion made clear that the BIA did not conduct an independent review of the record. But the BIA's decision discussed specific facts about Guatemala. No substantial prejudice resulted from the BIA's mistake. *See Freza v. Att'y Gen.*, 49 F.4th 293, 298 (3d Cir. 2022) ("To show substantial prejudice, the noncitizen must establish 'that the infraction ha[d] the *potential* for affecting the outcome' of their removal proceedings." (citation omitted)).

For these reasons, we will deny the petition for review.

---

[4] Although the determination that Catalan-Lopez's claimed social group is not cognizable resolves his asylum and withholding of removal claims, we also note the lack of nexus between the group and the claimed harm. "[A]n alien targeted out of a simple desire for money has not experienced persecution on account of a ground protected by the INA." *Thayalan v. Att'y Gen.*, 997 F.3d 132, 144 (3d Cir. 2021). Nothing in the record suggests that Catalan-Lopez expressed his Christian views to the gang, or that the gang targeted him for his faith. Indeed, Catalan-Lopez believes he was targeted because of his access to cars for drug distribution.